PER CURIAM.
Derrik Sanders petitions this court for a writ of habeas corpus, claiming that his appellate counsel was ineffective. We have jurisdiction, Knight v. State, 394 So.2d 997 (Fla.1981).
Petitioner was tried and convicted of two counts of resisting arrest with violence. The only issue presented by the public defender in a direct appeal to this court concerned a sentencing guidelines departure. This court found the argument to be without merit and affirmed the judgment and sentences. Sanders v. State, 684 So.2d 1356 (Fla. 1st DCA 1996). Petitioner contends that, while two law enforcement officers were involved in the incident resulting in the charges, there was only one criminal episode and therefore convictions on two counts and two separate sentences were impermissible. See State v. Watts, 462 So.2d 813 (Fla.1985); Pierce v. State, 681 So.2d 873 (Fla. 1st DCA 1996); Spradley v. State, 537 So.2d 1058 (Fla. 1st DCA 1989). Petitioner argues appellate counsel was ineffective in failing to present this argument on direct appeal.
The effectiveness of counsel must be measured by the law in effect at the time the brief was filed. Thompson v. Wade, 603 So.2d 28 (Fla. 1st DCA 1992). At the time in question, the law in this district was that a double jeopardy claim is not cognizable on direct appeal unless the issue has been properly preserved in the trial court. Graham v. State, 631 So.2d 388 (Fla. 1st DCA 1994).[1] The double jeopardy issue, had it been raised in the appeal, would have been rejected as not properly preserved. Appellate counsel is not ineffective in failing to present an issue on direct appeal which has not been properly preserved for review. Provenzano v. Dugger, 561 So.2d 541, 547 (Fla.1990).
Concluding that petitioner has failed to state a facially sufficient claim of ineffective assistance of appellate counsel, the petition for writ of habeas corpus is DENIED.
BARFIELD, C.J., and WEBSTER and LAWRENCE, JJ., concur.

. This court recently receded from Graham in Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997)(en banc). However, that is not material to our assessment of counsel’s effectiveness when the brief was filed in May 1996.