WOLF, J.
Appellant, Noni Stinson, challenges her conviction for murder in the second degree with a firearm. Appellant raised three issues on appeal, two of which merit discussion. First, appellant asserts the trial court erred in denying her motion for judgment of acquittal because appellant established a prima facie case of self defense, and the State failed to present evidence rebutting appellant’s theory of self-defense beyond a reasonable doubt. As discussed below, we affirm as to this issue. See Rasley v. State, 878 So.2d 473, 476 (Fla. 1st DCA2004).
Second, appellant asserts the trial court fundamentally erred in giving the standard jury instruction for manslaughter by act, as it erroneously suggests that intent to kill is an element of the crime. We find that giving this instruction constituted fundamental error and reverse for a new trial.
We have addressed the issue of the State’s burden of proof where the issue of self defense is raised. In Rasley, this court stated:
As applied to the theory of self-defense in particular, the following rules should be taken into consideration regarding the state’s burden: The state is required to prove beyond a reasonable doubt that the defendant did not act in self-defense. See Brown v. State, 454 So.2d 596, 598 (Fla. 5th DCA 1984). “If a defendant *292 establishes a prima facie case of self-defense, the state must overcome the defense by rebuttal, or by inference in its case in chief.” See State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998).
Id. at 476. The court further stated,
[A]n appellate court, in reviewing the record in a case where such defense is interposed, is required to heed the rules that “[t]he question of self defense is one of fact, and is one for the jury to decide where the facts are disputed.” Dias v. State, 812 So.2d 487, 491 (Fla. 4th DCA 2002) (citing Scholl v. State, 94 Fla. 1138, 115 So. 43, 44 (1927)). “A motion for judgment of acquittal should not be granted unless ‘the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.’ ” See Hernandez v. State, 842 So.2d 1049, 1051 (Fla. 4th DCA 2003), quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
[T]he state submitted evidence from which the jury could reasonably infer that appellant acted out of anger and jealousy because she had discovered that the husband/victim was having an extramarital affair. The evidence, in its entirety, was susceptible of two views, either justifiable self-defense, or an act arising out of jealousy and anger from the fact that the husband was having an affair.
Id. at 476-77.
In the instant case, the State presented evidence that appellant (1) lied to both the 911 operator and the police about her involvement in the shooting; (2) hid the murder weapon; and (3) had recently discovered evidence that her husband had been unfaithful. Additionally, one of the police officers testified that appellant did not appear disheveled and did not have any bruises that would indicate that she had recently been the victim of domestic violence. Pursuant to Rasley, this evidence was sufficient to sustain the State’s burden.
We are required to reverse, however, based on the trial court’s instruction on the lesser included offense of manslaughter by act. The trial court stated that the State was required to prove that “Noni Jamil Stinson intentionally caused the death of Solomon Stinson.” This constitutes fundamental, reversible error. Montgomery v. State, 34 Fla. L. Weekly D360, 70 So.3d 603, 2009 WL 350624 (Fla. 1st DCA Feb. 12, 2009) (on motion for rehearing); see also Burroughs v. State, 997 So.2d 522 (Fla. 1st DCA 2008); Davis v. State, 34 Fla. L. Weekly D131, — So.3d -, 2009 WL 47384 (Fla. 1st DCA Jan. 9, 2009).
Reversed and remanded for a new trial.
LEWIS and ROBERTS, JJ., concur.