PER CURIAM.
 

 Appellant, Brandon Michael Ward, challenges his convictions and sentences for second-degree murder and attempted second-degree on several grounds, three of which merit discussion. First, the trial court erred in instructing the jury on the charge of attempted first-degree murder that one of the victims was justified in using non-deadly force against Appellant if the victim reasonably believed that he was in imminent danger of death or great bodily harm. The substitution of the victim’s name for the defendant’s name in the standard jury instruction on the justifiable use of non-deadly force was misleading and shifted the focus from Appellant’s theory of self-defense to whether or not the victim had a legal right to attack Appellant.
 
 Butler v. State,
 
 493 So.2d 451 (Fla.1986). Second, the trial court erred in instructing the jury on the forcible felony exception to self-defense on the charge of attempted first-degree murder because Appellant claimed self-defense as to both charges and there was not a separate forcible felony for the jury to consider.
 
 Gilchrist v. State,
 
 938 So.2d 654, 655 (Fla. 4th DCA 2006). Finally, fundamental error occurred in this case when the trial court gave the standard jury instruction for the lesser included offense of manslaughter by act, which improperly imposed the additional element of intent to kill.
 
 Montgomery v. State,
 
 — So.3d -, 34 Fla. L. Weekly D360, 2009 WL 350624 (Fla. 1st DCA Feb. 12, 2009) (question certified;
 
 *921
 
 conflict certified). Therefore, this case is reversed and remanded for a new trial.
 

 REVERSED and REMANDED.
 

 BARFIELD, DAVIS, and ROBERTS, JJ., concur.