PER CURIAM.
 

 Petitioner Leo Toby was convicted of second-degree murder as charged by a Duval County jury and sentenced to a term of imprisonment. He appealed and this court affirmed.
 
 Toby v. State,
 
 7 So.3d 1102 (Fla. 1st DCA 2009). He now alleges that he received ineffective assistance of counsel in the direct appeal. We agree, reverse the conviction, and remand for a new trial.
 

 Petitioner’s counsel filed the initial brief in the direct appeal on September 29, 2008, and the state’s answer brief was filed 25 days later. Our opinion issued on April 15, 2009. In the interim, however, we decided
 
 Montgomery v. State,
 
 — So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009),
 
 review granted,
 
 11 So.3d 943 (Fla. 2009), holding that giving of the standard jury instruction on manslaughter in a case such as petitioner’s was fundamental error. Petitioner argues that his appellate counsel was ineffective in failing to seek supplemental briefing in the direct appeal on the
 
 Montgomery
 
 issue. In
 
 Ortiz v. State,
 
 905 So.2d 1016 (Fla. 2d DCA 2005), the court found counsel was ineffective when he did not ask for supplemental briefing based on an appellate decision concerning a self-defense jury instruction in similar circumstances. We adopt the reasoning of
 
 Ortiz
 
 and conclude that petitioner is entitled to relief. Because the jury instruction here relates to elements of the crime rather
 
 *1139
 
 than an affirmative defense, we find it unnecessary to order another appeal. The conviction is reversed and the cause is remanded to the tidal court for further proceedings. In so doing, we certify the same question of great public importance that we certified in
 
 Montgomery:
 

 IS THE STATE REQUIRED TO PROVE THAT THE DEFENDANT INTENDED TO KILL THE VICTIM IN ORDER TO ESTABLISH THE CRIME OF MANSLAUGHTER BY ACT?
 

 PETITION GRANTED.
 

 KAHN, WEBSTER, and ROBERTS, JJ., concur.