*1140
 
 WETHERELL, J.
 

 Appellant challenges his conviction and sentence for manslaughter. We address only Appellant’s argument that “intent to kill” is an element of manslaughter by act and that the trial court fundamentally erred in giving the standard jury instruction which did not include this essential element. We affirm Appellant’s other arguments without discussion.
 

 The state charged Appellant with manslaughter by “act, procurement, or culpable negligence.” The trial court instructed the jury on both manslaughter by act and manslaughter by culpable negligence, using the standard jury instruction.
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 7.7. With respect to manslaughter by act, the trial court instructed the jury that, as one of the elements of the offense, the state needed to prove that Appellant “intentionally caused the death” of the victim. Appellant did not object to this instruction. The jury found Appellant guilty as charged on a general verdict form, and the trial court sentenced Appellant to 30 years in prison as a habitual felony offender.
 

 Because Appellant did not contemporaneously object to the jury instructions, he must show that it was fundamental error for the trial court to instruct the jury as it did. Fundamental error “is the type of error which reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.”
 
 Dufour v. State,
 
 905 So.2d 42, 74 (Fla.2005). Fundamental error occurs when an omission in a jury instruction is pertinent or material to what the jury must consider in order to convict.
 
 See Stewart v. State,
 
 420 So.2d 862, 863 (Fla.1982). The error complained of must prejudice the defendant in order to meet the fundamental error standard.
 
 See Reed v. State,
 
 837 So.2d 366, 369 (Fla.2002) (“By its very nature, fundamental error has to be considered harmful. If the error was not harmful, it would not meet our requirement of being fundamental.”).
 

 Appellant argues that the trial court fundamentally erred by not instructing the jury that the state was required to prove an “intent to kill.” However, in
 
 Montgomery v.
 
 State, - So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009),
 
 review granted,
 
 11 So.3d 943 (Fla.2009), we held that manslaughter by act “requires only an intentional unlawful act, rather than an intent to kill.”
 
 Accord Hall v. State,
 
 951 So.2d 91 (Fla. 2d DCA 2007) (en banc).
 

 In
 
 Montgomery,
 
 we held that the standard jury instruction for manslaughter by act implied an “intent to kill” element even though the offense only requires an intentional unlawful act. The misleading nature of the instruction was significant in
 
 Montgomery
 
 because the defendant was charged with first-degree murder, and the jury was instructed on manslaughter by act as a lesser-included offense. We found that it was fundamental error to give the manslaughter standard jury instruction in
 
 Montgomery
 
 because it left the jury with the erroneous impression that intent to kill was a necessary element of the offense, thereby preventing the jury from returning a verdict for manslaughter by act even though it found that defendant did not intend to kill the victim.
 

 In contrast, in this case, Appellant was charged only with manslaughter and he was found guilty on a general verdict form after the jury was instructed on both manslaughter by act and manslaughter by culpable negligence. Thus, the circumstances of this case are more similar to
 
 Hall
 
 than
 
 Montgomery.
 

 In
 
 Hall,
 
 the defendant was charged and convicted of manslaughter for punching the victim in the face causing his death.
 
 *1141
 
 The court affirmed the conviction, finding that the intentional act of punching the victim was sufficient to support a conviction for manslaughter by act, even though the defendant did not intend to kill the victim.
 
 See Hall,
 
 951 So.2d at 96 (“[W]e hold that a conviction for manslaughter by act does not require intent to kill but only an intentional act that causes the death of the victim.”). This is the same conclusion we reached in
 
 Montgomery,
 
 albeit through different reasoning.
 

 In this case, the jury found Appellant guilty of manslaughter even with the additional, unnecessary element of “intent to kill” that we said in
 
 Montgomery
 
 is implicit in the standard jury instruction. Thus, Appellant was not prejudiced by the standard jury instruction in this case. Moreover, we conclude that the evidence was sufficient to support a conviction for manslaughter by act under our interpretation of the offense in
 
 Montgomery
 
 because the evidence is undisputed that Appellant intentionally punched the victim in the face, and the state presented sufficient evidence to the jury from which it could find that the punch caused the victim’s death.
 

 We recognize that since
 
 Montgomery
 
 we have reversed and remanded a number of cases on fundamental error grounds where the trial court gave the standard jury instruction for manslaughter by act. However, in those cases, manslaughter by act was a lesser-ineluded offense, not the main charge as it is in this case.
 
 See Thomas v. State,
 
 22 So.3d 626 (Fla. 1st DCA 2009);
 
 Gough v. State,
 
 — So.3d -, 2009 WL 3164113 (Fla. 1st DCA 2009);
 
 Hardee v. State,
 
 - So.3d -, 2009 WL 3047359 (Fla. 1st DCA 2009);
 
 White v. State,
 
 16 So.3d 1004 (Fla. 1st DCA 2009);
 
 Ward v. State, 12
 
 So.3d 920 (Fla. 1st DCA 2009);
 
 Bass v. State,
 
 11 So.3d 1003 (Fla. 1st DCA 2009);
 
 Stinson v. State,
 
 — So.3d -, 2009 WL 633133 (Fla. 1st DCA 2009).
 

 In sum, because Appellant failed to demonstrate any prejudice resulting from the use of the standard jury instruction, its use in this case does not rise to the level of fundamental error. Accordingly, we affirm Appellant’s conviction and sentence.
 

 AFFIRMED.
 

 HAWKES, C.J., and WOLF, J., concur.