PER CURIAM.
 

 Petitioner Lamont Asberry was convicted of second-degree murder by a Duval County jury and sentenced to a term of imprisonment. He appealed and this court affirmed the conviction.
 
 Asberry v. State,
 
 4 So.3d 1271 (Fla. 1st DCA 2009). He now alleges that he received ineffective assistance of counsel in the direct appeal. We agree, reverse the conviction, and remand for a new trial.
 

 Petitioner’s counsel filed the initial brief in the direct appeal on July 30, 2008, and the state’s answer brief was filed in October 2008. Our opinion issued on March 26, 2009. In the interim, however, we decided
 
 Montgomery v. State,
 
 — So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009),
 
 review granted,
 
 11 So.3d 943 (Fla.2009), holding that giving of the standard jury instruction on manslaughter in a case such as petitioner’s was fundamental error. Petitioner argues that his appellate counsel was ineffective in failing to seek supplemental briefing in the direct appeal on the
 
 Montgomery
 
 issue. In
 
 Ortiz v. State,
 
 905 So.2d 1016 (Fla. 2d DCA 2005), the court found counsel was ineffective when he did not ask for supplemental briefing based on an appellate decision concerning a self-defense jury instruction in similar circumstances. We adopt the reasoning of
 
 Ortiz
 
 and conclude that petitioner is entitled to relief. Because the jury instruction here relates to elements of the crime rather than an affirmative defense, we find it unnecessary to order another appeal. The conviction is reversed and the cause is remanded to the trial court for further proceedings.
 
 See Toby v. State,
 
 29 So.3d 1138 (Fla. 1st DCA 2009). In so doing, we certify the same question of great public importance that we certified in
 
 Montgomery:
 

 IS THE STATE REQUIRED TO PROVE THAT THE DEFENDANT INTENDED TO KILL THE VICTIM IN ORDER TO ESTABLISH THE CRIME OF MANSLAUGHTER BY ACT?
 

 PETITION GRANTED.
 

 BENTON, VAN NORTWICK, and CLARK, JJ., concur.