ROWE, J.
Appellant was charged with attempted first-degree murder, but was found guilty by the jury of the lesser included offense of attempted second-degree murder. Appellant challenges his conviction due to the trial court’s use of Standard Jury Instruction (Criminal) 6.6 to instruct on the lesser included offense of attempted voluntary manslaughter. The instruction on attempted voluntary manslaughter was read to the jury without objection from either party. The appellant argues that the trial court’s use of this standard instruction was fundamental error requiring reversal of his conviction for attempted second degree murder. We agree and reverse.
In Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), approved, State v. Montgomery, 39 So.3d 252 (Fla.2010), we held that the trial court’s instruction on the lesser included offense of manslaughter by act was fundamental, reversible error because Standard Jury Instruction 7.7 erroneously included the element of an intent to kill in the offense of manslaughter by act. In its approval of this court’s decision, the Florida Supreme Court concluded that the language of Standard Jury Instruction 7.7, which included the element of intent to kill for a lesser included offense of manslaughter, consti *944 tuted fundamental error in Montgomery’s case.
This court has relied on our holding in Montgomery to reverse a number of convictions where the erroneous jury instruction on the lesser included offense of manslaughter was given. See, e.g., Stinson v. State, 69 So.3d 291 (Fla. 1st DCA 2009); Hardee v. State, 69 So.3d 292 (Fla. 1st DCA 2009); Ward v. State, 12 So.3d 920 (Fla. 1st DCA 2009). We have also held that the standard jury instruction for the lesser included offense of attempted manslaughter by act suffers from the same infirmities as the instruction in Montgomery. See Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009).
We have limited our consistent application of Montgomery in only two respects. In Rozzelle v. State, 29 So.3d 1141 (Fla. 1st DCA 2009), we held that Montgomery does not apply retroactively to cases that were final before the decision was issued. Here, Mr. Rushing’s case was not final before Montgomery was issued. We distinguished Montgomery in Rivera v. State, 29 So.3d 1139 (Fla. 1st DCA 2009), where the jury was given the erroneous jury instruction on the lesser included offense of manslaughter, but the defendant was actually convicted of the lesser included offense of manslaughter. There, we upheld the manslaughter conviction because even if the jury erroneously believed proof of intent to kill was an element of the offense, it nevertheless, returned a conviction for manslaughter.
The dissent asserts that the instruction in this case was either not fundamental error or it was waived because defense counsel failed to object to the jury instruction and read the instruction in his closing argument. Although the dissent properly cites Ray v. State, 403 So.2d 956, 960 (Fla.1981), for the proposition that “it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so,” the conditions required for finding no fundamental error and applying the two-part test set forth in that case are not present here.
A necessary prerequisite to applying Ray is a finding that the defendant was actually convicted of the erroneous lesser included charge. Here, Mr. Rushing was convicted of attempted second-degree murder, not the erroneous lesser included charge for attempted voluntary manslaughter. Because the jury may have incorrectly believed it was required to find the element of intent to kill in order to convict Mr. Rushing of attempted voluntary manslaughter, and instead convicted Mr. Rushing of attempted second-degree murder, which has no such element of intent, the jury instruction suffers from the very same infirmities as the instruction in Montgomery. Because the trial court gave the standard jury instruction for attempted voluntary manslaughter, Mr. Rushing’s conviction for attempted second-degree murder is reversed, and the case is remanded for new trial. State v. Montgomery, 39 So.3d 252 (Fla. 2010).
REVERSED AND REMANDED.
MARSTILLER, J., concurs; CLARK, J., dissents with opinion.