PER CURIAM.
This petition for writ of habeas corpus challenges a 2006 conviction and sentence. Because of the unique procedural posture of this case, we grant the petition.
Petitioner was charged with aggravated assault with a deadly weapon and attempted first-degree murder. After a jury trial, petitioner was convicted of the aggravated assault count as charged and attempted second-degree murder as a lesser included offense. Petitioner’s appeal to this court was affirmed. See Minnich v. State, 993 So.2d 520 (Fla. 1st DCA 2008) (table). Petitioner timely filed a petition for certiorari review in the United States Supreme Court, but that petition was denied. See Minnich v. Florida, 556 U.S. 1224, 129 S.Ct. 2162, 173 L.Ed.2d 1160 (2009). Petitioner’s conviction was not final until the U.S. Supreme Court denied his petition on May 11, 2009. See Bundy v. State, 538 So.2d 445, 447 (Fla.1989) (stating that the defendant’s “conviction and sentence became final when the United States Supreme Court denied his petition for writ of certiorari....”).
While the petition for writ of certiorari was pending in the U.S. Supreme Court, this court issued its opinion in Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009). In Montgomery, the defendant was charged with first-degree murder, and the trial court instructed the jury on second-degree murder and manslaughter by act as lesser-included offenses. Although the instruction the trial court gave was the standard instruction at the time, we found it to be erroneous because it stated that an element of manslaughter by act was that the defendant “intentionally caused [the victim’s] death.” We viewed this language as requiring the jury to find that the defendant intended to kill the victim in order to convict him of manslaughter by act. We held that the addition of the intent-to-kill element in the jury instruction for manslaughter by act was fundamental error because the jury’s finding that the defendant did not intend to kill the victim, as evidenced by the second-degree murder verdict, precluded it from returning a verdict for manslaughter under the instructions given. The Florida Supreme Court has approved this court’s decision in State v. Montgomery, 39 So.3d 252 (Fla.2010).
This court has applied the holding in Montgomery to find that a trial court commits fundamental error by giving the jury instruction with the intent-to-kill element for attempted manslaughter by act where the defendant is found guilty of the lesser included offense of attempted second-degree murder. See Rushing v. State, 133 So.3d 943 (Fla. 1st DCA 2010); Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009). Petitioner asserts that in his case, the trial court gave the same jury instruction which was found to be fundamental error in Montgome'ry. This court has held that in cases which were pending when Montgomery was decided, appellate counsel was ineffective for failing to ask for supplemental briefing on the jury instruction issue. See, e.g., Asberry v. State, 32 So.3d 718 (Fla. 1st DCA 2010). Here, because petitioner’s conviction was not yet final when this court issued the opinion in Montgomery, the holding in that case applied to petitioner’s case. Under such circumstances, a motion to recall mandate in his direct appeal would have been appropriate, however, petitioner was unable to file such a motion because this court was no longer in the same term in which the mandate was issued. Williams v. State, 947 So.2d 694 (Fla. 4th DCA 2007). The writ of habeas corpus can be used to provide relief after the expiration of term of court in very limited circumstances. See Raulerson v. State, 724 So.2d 641 (Fla. 4th DCA 1999). Accordingly, we find that petitioner is entitled to relief by petition for writ of habeas corpus.
*697 We note that the Fourth District Court has found that fundamental error does not occur when the intent-to-kill element is included in the jury instruction for attempted manslaughter. See Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010). Both Williams and this court’s decision in Rushing are pending in the Florida Supreme Court. Accordingly, we certify conflict with Williams, as well as the following questions of great public importance:
(1) Does the standard jury instruction on attempted manslaughter constitute fundamental error?
(2) Is attempted manslaughter a viable offense in light of State v. Montgomery, 39 So.3d 252 (Fla.2010)?
We grant the petition, reverse the conviction and remand for a new trial.
KAHN and WETHERELL, JJ., Concur; BENTON, C.J., dissents with opinion.