ROWE, J.
The appellant, Curtis Bailey, was charged with five counts of attempted first-degree murder with a firearm. The jury was instructed, without objection, in accord with the standard jury instructions on attempted first-degree murder and the lesser-included offenses of attempted second-degree murder and attempted voluntary manslaughter. The jury found Bailey guilty on two counts of attempted first-degree murder, as charged, and guilty on three counts of the lesser-included offense of attempted second-degree murder. Mr. Bailey argues on appeal that his three convictions for attempted second-degree murder are fundamentally erroneous because the jury instruction on the lesser-included offense of attempted voluntary manslaughter included the same defect held to be fundamental error in State v. Montgomery, 39 So.3d 252 (Fla.2010). We agree and reverse Bailey’s three convictions for attempted second-degree murder. We, however, affirm without discussion the two convictions for attempted first-degree murder.
The trial court instructed the jury on the lesser-included offenses as follows:
To prove the crime of [attempted] second-degree murder, the State must prove the following two elements beyond a reasonable doubt:
Curtis William Bailey intentionally committed an act which would have resulted in the death of [the victims named in Counts I through V] except that someone prevented Curtis William Bailey from killing ... or he failed to do so.
[[Image here]]
To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt:
Curtis William Bailey committed an act which was intended to cause the death of [the victims named in Counts I through V]....
As instructed, if the jury found no intent to kill, it may have believed it was required to find Bailey guilty of the offense of attempted second-degree murder, as opposed to attempted voluntary manslaughter. Thus, the instruction here was fundamental error, as in Montgomery.
Under the authority of this court’s well-established precedent, we reverse Bailey’s convictions for attempted second-degree murder and remand for a new trial on those charges. See Herring v. State, 43 So.3d 823 (Fla. 1st DCA 2010); Rushing v. State, 133 So.3d 943 (Fla. 1st DCA 2010); Sharpe v. State, 39 So.3d 342 (Fla. 1st DCA 2010); Horne v. State, 23 So.3d 834 *947 (Fla. 1st DCA 2009); Toby v. State, 29 So.3d 1138 (Fla. 1st DCA 2009).
Affirmed in part and reversed in part.
WEBSTER and MARSTILLER, JJ„ concur.