ON MOTION FOR REHEARING

PER CURIAM.
We grant Petitioner’s motion for rehearing, withdraw our prior order denying the *143 petition alleging ineffective assistance of counsel and substitute the following opinion in its stead.
Petitioner, Willie Hodges [“Hodges”], convicted of attempted second degree murder, has filed a petition alleging ineffective assistance of appellate counsel because appellate counsel failed to raise the issue of whether the attempted manslaughter jury instruction given in his trial was fundamental error. He relies on State v. Montgomery, 39 So.3d 252 (Fla.2010) and related cases, such as Minnich v. State, — So.3d-, 2011 WL 265765 (Fla. 1st DCA 2011); Bailey v. State, — So.3d -, 2011 WL 265769 (Fla. 1st DCA 2011).
Hodges was charged by amended information with attempted first degree murder on a law enforcement officer with a firearm, possession of a firearm by a convicted felon, and aggravated assault with a firearm. The State later dismissed the charge of possession of a firearm by a convicted felon. The jury found Hodges guilty of the lesser included offense of attempted second degree murder of a law enforcement officer with a firearm and aggravated assault with a firearm. On November 25, 2008, Hodges filed an appeal. This Court issued a per curiam affirmance, and the mandate issued on June 9, 2010.
In September 2010, Hodges filed a petition for writ of habeas corpus, alleging ineffective assistance of counsel. He alleges that his appellate counsel was ineffective in failing to argue that the trial court committed fundamental error when it included in the attempted manslaughter jury instruction the element of intent to kill. The jury instruction for attempted manslaughter included the language: “Hodges committed an act which was intended to cause death.”
We initially denied the petition, citing to Williams v. State, 40 So.3d 72 (Fla. 4th DCA 2010), a decision of the Fourth District Court of Appeal. During the pen-dency of Hodges’ motion for rehearing, however, we have reconsidered Williams and have concluded that our rebanee on it was wrong. See Burton v. State, — So.3d - (Fla. 5th DCA 2011). Given the Florida Supreme Court’s April 2010 Montgomery decision, we are bound to conclude that appellate counsel should have raised the issue at the appellate level before our decision in the appeal was final. See Minnich, — So.3d-: Bailey, — So.3d-; Sharpe v. State, 39 So.3d 342 (Fla. 1st DCA 2010); Asberry v. State, 32 So.3d 718 (Fla. 1st DCA 2010); Toby v. State, 29 So.3d 1138 (Fla. 1st DCA 2009). We accordingly grant the writ, vacate the judgment and remand for a new trial.
Petition GRANTED; Judgment VACATED; and REMANDED.
GRIFFIN, TORPY and COHEN, JJ., concur.