CLARK, J.
Ronald Deerick Kirkland appeals his convictions, entered after jury trial and verdicts, and the 40-year sentence im *1148 posed upon the trial court’s granting of post-conviction relief. In his motion for post-conviction relief, Appellant had claimed that the trial court illegally imposed the adult sanctions because the court never considered the propriety of juvenile sanctions, as required by section 985.565(4)(a)2., Florida Statutes. The trial court corrected this error by acknowledging the availability of juvenile sanctions and the particular circumstances of this case. The court then imposed the same sentence (40 years) as originally imposed.
Appellant’s convictions for I) attempted second-degree murder; II) attempted felony murder; III) shooting into an occupied vehicle; and IV) robbery with a firearm, all as charged, are based on an incident which occurred on April 26, 2008, when Appellant was 15 years of age. As described by the witnesses at trial, Appellant met a pizza delivery man in the yard of a residential address as the delivery man attempted to make a delivery. When the delivery man determined that Appellant could not pay for the pizza, he explained to Appellant that he would return the pizza to the store for later pick-up and payment. Appellant then demanded the pizza and pointed a gun at the delivery man, who quickly retreated to his car. Appellant shot the delivery man through the window of the car and continued to shoot as the delivery man pulled away. The numerous gunshot wounds to the victim resulted in blindness in one eye and other serious injuries.
Appellant asserts that the trial court fundamentally erred by allowing the prosecution to charge Appellant as an adult and proceed in felony criminal court, pursuant to section 985.557, Florida Statutes, without a jury determination of fact to justify exposure of Appellant to a criminal sentence rather than the less severe juvenile sanctions. Appellant argues that prosecution in adult court and the resulting 40-year adult sentence violated his 6th Amendment right to a jury determination of the facts supporting his exposure to a sentence which will far exceed his 21st birthday, the date any juvenile sanctions would expire. § 985.0301(5)(c), Fla. Stat. He relies on the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) for his position that a jury determination was required.
In Apprendi, the adult defendant entered a plea of guilty to possession of a firearm for an unlawful purpose. Under the New Jersey statutes, this felony was punishable by a prison term of “between five and 10 years.” Apprendi, 530 U.S. at 468, 120 S.Ct. 2348. Under a separate statute, the term of imprisonment could be extended, to “between 10 and 20 years,” if the trial judge found, by a preponderance of the evidence, that the crime was committed “with a purpose to intimidate an individual or group of individuals because of race, gender, handicap, religion, sexual orientation or ethnicity.” Apprendi, 530 U.S. at 469, 120 S.Ct. 2348. After the court held an evidentiary hearing regarding the defendant’s “purpose,” the court found that the preponderance of the evidence supported the State’s allegation that the crime was racially motivated and that the “hate crime enhancement applied.” Id. The court sentenced Apprendi to 12 years’ imprisonment. Apprendi, 530 U.S. at 471, 120 S.Ct. 2348. After the intermediate courts had affirmed the lower court’s ruling, the United States Supreme Court found the New Jersey procedure for enhancing sentences if the court found certain facts was “an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system.” Apprendi, 530 U.S. at 497, 120 S.Ct. 2348. The Court thus held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a *1149 crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435.
The Apprendi rule does not govern the legality of the proceedings in this case for two reasons. First, unlike Apprendi, the sentence in this case did not result from a post-trial enhancement of a guidelines sentence for the offense of which the defendant was convicted. The decision to proceed in the adult court rather than the juvenile court was a pre-trial choice made by the state attorney, pursuant to section 985.557, Florida Statutes. This decision is not a sentence enhancement determination. Section 985.557 authorizes the state attorney to file an information in adult court against a 14- or 15-yr.-old accused of — among other listed crimes — robbery, murder, and attempts of those crimes, “when in the state attorney’s judgment and discretion the public interest requires that adult sanctions be considered or imposed.” § 985.557(1)(a), Fla. Stat. Under this statute, the state attorney’s decision of how to prosecute is a choice between the juvenile forum and the adult jurisdiction.
As explained in Oregon v. Ice, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), the 6th Amendment right to a jury trial does not attach “to every state-law ‘entitlement’ to predicate findings.” 129 S.Ct. at 718. The Supreme Court has stated that Apprendi and subsequent cases are based on the “historic jury function of deciding whether the State has proved each element of the offense beyond a reasonable doubt” and that, so far, “the Court has not extended the Apprendi and Blakely [v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ] line of decisions beyond the offense-specific context that supplied the historic grounding for the decisions.” Oregon v. Ice, 129 S.Ct. at 714.
While counsel has not referred this court to, nor have we located, a Florida case requiring or rejecting a requirement for jury findings in the direct file process, several other jurisdictions have considered the application of Apprendi to juvenile transfer situations and have declined to apply Apprendi requirements to these pretrial matters. For instance, in State v. Andrews, 329 S.W.3d 369 (Mo.2010), the supreme court of Missouri considered the weight of authority in other jurisdictions and concluded that Apprendi is inapplicable to Missouri’s juvenile certification proceeding. Likewise, in State v. Jones, 273 Kan. 756, 47 P.3d 783, 798 (2002), cert. denied, 537 U.S. 980, 123 S.Ct. 444, 154 L.Ed.2d 341 (2002) the supreme court of Kansas found that Apprendi does not apply to juvenile waiver hearings because they only determine “which system will be appropriate for a juvenile offender.” Similarly, in People v. Beltran, 327 Ill.App.3d 685, 262 Ill.Dec. 463, 765 N.E.2d 1071, 1075-76 (2002) the court ruled that Ap-prendi does not apply to the decision to prosecute the defendant as an adult because a transfer hearing “is dispositional, not adjudicatory.”
In concluding that Apprendi does not apply to juvenile transfer proceedings, the Kentucky Supreme Court reasoned: “A juvenile transfer proceeding does not involve sentencing or a determination of guilt or innocence. The decision to transfer a juvenile to circuit court involves the determination of which system is appropriate for a juvenile defendant.” Caldwell v. Commonwealth, 133 S.W.3d 445, 452-53 (Ky.2004); See also, State v. Rodriguez, 205 Ariz. 392, 71 P.3d 919, 927-28 (Ariz.Ct.App.2003) (juvenile transfer statute “is not a sentence enhancement scheme and, therefore, does not implicate Apprendi ... [because it] does not subject [a] juvenile to enhanced punishment; it subjects the ju *1150 venile to the adult criminal justice system.”); In re Welfare of J.C.P., 716 N.W.2d 664, 668 (Minn.App.2006); State v. Kalmakoff, 122 P.3d 224, 227 (Alaska App.2005).
Secondly, the determination by the state attorney to direct file under section 985.557, Florida Statutes is not a fact that increases the penalty for a crime beyond the prescribed statutory maximum. There was no question that Appellant was the proper age, charged with crimes listed in the statute. Under these circumstances, the Legislature provides the state attorney with the option to direct file “when in the state attorney’s judgment and discretion the public interest requires that adult sanctions be considered or imposed.” § 985.557, Fla. Stat. (Emphasis supplied). The determination of the public interest is a policy consideration, not a factual determination that increases the penalty for a crime beyond the prescribed statutory maximum. No jury determination of fact is required.
Upon the State’s concession of error for the jury instruction of the lesser included offense of attempted manslaughter, and in light of Herring v. State, 43 So.3d 823 (Fla. 1st DCA 2010), Lamb v. State, 18 So.3d 734 (Fla. 1st DCA 2009), and Rushing v. State, — So.3d —, 2010 WL 2471903 (Fla. 1st DCA 2010), Appellant’s conviction on Count I for the lesser included offense of attempted second-degree murder is REVERSED and REMANDED for new trial or dismissal of that charge. For the reasons discussed herein, the convictions and sentences for Counts II, III and IV are AFFIRMED.
BENTON, C.J., and MARSTILLER, J., concur.