PER CURIAM.
 

 Petitioner, Willie Fred Sims [“Sims”], asserts that the jury instruction for manslaughter by intentional act given at his trial constituted fundamental error and that appellate counsel rendered ineffective assistance when he failed to raise this issue on direct appeal. This Court’s decisions in
 
 Hodges v. State,
 
 64 So.3d 142 (Fla. 5th DCA 2011), and
 
 Burton v. State,
 
 — So.3d -, 2011 WL 1326258 (Fla. 5th DCA 2011), compel that we grant relief to Sims.
 

 Sims argues that his appellate counsel was ineffective for failing to raise the un-preserved but fundamental error caused by the court giving the standard jury instruction for manslaughter by act, which was held to be defective in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010),
 
 approving Montgomery v. State,
 
 70 So.3d 603 (Fla. 1st DCA 2009).
 

 Sims was tried in March 2009, just after the First District’s decision in
 
 Montgomery
 
 was released, and his appeal was in the pipeline at the time that
 
 State v. Montgomery
 
 was decided by the supreme court.
 
 State v. Montgomery
 
 was decided on April 8, 2010, and the mandate was issued in Sims’ direct appeal in October 2010.
 

 In
 
 Hodges,
 
 the defendant was convicted of attempted second-degree murder after being tried for attempted first-degree murder. He filed a petition alleging ineffective assistance of appellate counsel because appellate counsel failed to raise the issue of whether the attempted manslaughter jury instruction given in his trial was fundamental error. In
 
 Hodges,
 
 as in
 
 *31
 
 this case, the error was unpreserved below. As noted in the
 
 Hodges
 
 opinion: “Given the Florida Supreme Court’s April 2010
 
 Montgomery
 
 decision, we are bound to conclude that appellate counsel should have raised the issue at the appellate level.... ”
 
 Hodges,
 
 64 So.3d at 143 (citing
 
 Minnich v. State,
 
 — So.3d-, 2011 WL 265765 (Fla. 1st DCA 2011));
 
 Bailey v. State,
 
 — So.3d -, 2011 WL 265769 (Fla. 1st DCA 2011);
 
 Sharpe v. State,
 
 39 So.3d 342 (Fla. 1st DCA 2010);
 
 Asberry v. State,
 
 32 So.3d 718 (Fla. 1st DCA 2010);
 
 Toby v. State,
 
 29 So.3d 1138 (Fla. 1st DCA 2009).
 

 We grant the petition and remand for a new trial on the attempted first-degree murder charge.
 

 PETITION GRANTED; REMANDED.
 

 GRIFFIN, PALMER and EVANDER, JJ., concur.