PER CURIAM.
 

 Appellant, a juvenile who was prosecuted as an adult, challenges his criminal conviction and prison sentence for attempted voluntary manslaughter on the following two grounds: (1) he was convicted of a nonexistent offense because attempted voluntary manslaughter by act is not a cognizable offense in Florida after our supreme court in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), held that manslaughter by act does not require proof of intent to kill; and (2) the trial court violated
 
 Sandstrom v. Montana,
 
 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it sentenced him to prison without the jury finding beyond a reasonable doubt that the public interest required the imposition of adult sanctions. We reject appellant’s second claim based upon our decision in
 
 Kirkland v. State,
 
 67 So.3d 1147 (Fla. 1st DCA 2011). We also reject appellant’s first claim based upon binding precedent in
 
 Taylor v. State,
 
 444 So.2d 931 (Fla.1983). However, as in
 
 Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010),
 
 review granted,
 
 64 So.3d 1262 (Fla.2011), and
 
 Minnich v. State,
 
 — So.3d -, 2011 WL 265765 (Fla. 1st DCA 2011), we certify the following question of great public importance: Is attempted manslaughter a viable offense in light of
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla. 2010)?
 

 AFFIRMED; QUESTION CERTIFIED.
 

 PADOVANO and SWANSON, JJ., and LEWIS, TERRY P., Associate Judge, concur.