PER CURIAM.
 

 Petitioner, Charles Mendenhall, has filed a petition for writ of habeas corpus alleging ineffective assistance of counsel. Men-denhall claims his appellate counsel was ineffective for failing to argue that the instruction given to the jury on attempted manslaughter was erroneous pursuant to
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010). We agree and grant the petition.
 

 In 2007, Mendenhall was tried for attempted first-degree murder, and the jury received instructions on attempted first-degree murder, attempted second-degree murder, and attempted voluntary manslaughter. The instruction on attempted manslaughter was standard instruction 6.6:
 

 6.6 Attempted Voluntary Manslaughter
 

 To prove the crime of attempted voluntary manslaughter, the State must prove the following element beyond a reasonable doubt.
 

 
 *1154
 
 Charles Michael Mendenhall committed an act,
 
 which was intended to cause the death
 
 of Russell Gay and would have resulted in the death of Russell Gay except that someone prevented Charles Michael Mendenhall from killing Russell Gay or he failed to do so.
 

 However, the Defendant cannot be guilty of attempted voluntary manslaughter if the attempted killing was either excusable or justifiable as I have previously explained those terms.
 

 It is not an attempt to commit manslaughter if the Defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of his criminal purpose.
 

 In order to convict of attempted voluntary manslaughter, it is not necessary for the State to prove the defendant has a premeditated intent to cause death,
 

 (emphasis added). The jury ultimately convicted Mendenhall of attempted second-degree murder.
 

 On direct appeal, Mendenhall’s appellate counsel only raised a sentencing issue and this court affirmed Mendenhall’s conviction.
 
 Mendenhall v. State,
 
 999 So.2d 665 (Fla. 5th DCA 2008). This court’s mandate with respect to that opinion was issued on February 16, 2009. Mendenhall then sought discretionary review in the Florida Supreme Court, and in
 
 Mendenhall v. State,
 
 48 So.3d 740 (Fla.2010), the supreme court approved this court’s decision. Its mandate with respect to that opinion was issued on November 18, 2010.
 

 It is undisputed that, pursuant to
 
 Montgomery,
 
 the wrong instruction on attempted manslaughter was given in Men-denhall’s case. The instruction erroneously suggested that the State was required to prove intent to kill, a requirement not imposed by the manslaughter statute.
 
 See Montgomery,
 
 39 So.3d at 256-57 (The standard jury instruction on manslaughter by act required the jury to find that the defendant intended to kill the victim whereas the relevant intent was the intent to commit an act which caused death.). Such an erroneous instruction has been held to constitute fundamental error.
 
 See id.
 
 at 258 (holding that fundamental error occurred where Montgomery was tried for first-degree murder and convicted of second-degree murder after the jury was given an erroneous instruction on the lesser-included offense of manslaughter);
 
 Burton v. State,
 
 — So.3d -, -, 2011 WL 1326258 (Fla. 5th DCA 2011) (applying the
 
 Montgomery
 
 rationale to attempted manslaughter instruction requiring proof of intent to kill).
 

 The trouble with Mendenhall’s claim is that his conviction was affirmed on direct appeal before either the First District or the Florida Supreme Court issued their opinion in
 
 Montgomery.
 
 However, Mendenhall’s conviction was not final until after
 
 Montgome'ry
 
 was decided and, thus, the holding applied to his case.
 
 [1]
 

 See Minnich v. State,
 
 — So.3d -, -, 2011 WL 265765 (Fla. 1st DCA 2011). Typically, it would be appropriate to file a motion to recall mandate under such circumstances; however, a complicating factor in this case is that the mandate was issued
 
 *1155
 
 from this court on February 16, 2009. Thus, this court cannot recall the mandate because it is now in a new term. Nonetheless, Mendenhall falls into the category of cases where the remedy for the relief that he is seeking is by habeas corpus petition.
 
 See id.
 

 This case is one of several cases that have been before this court on the issue of
 
 Montgomery. See Lopez v. State,
 
 68 So.3d 332 (Fla. 5th DCA 2011);
 
 Hodges v. State,
 
 64 So.3d 142 (Fla. 5th DCA 2011);
 
 Dill v. State,
 
 79 So.3d 849 (Fla. 5th DCA 2012). Again we cite conflict with
 
 Williams v. State,
 
 40 So.3d 72 (Fla. 4th DCA 2010),
 
 rev. granted,
 
 64 So.3d 1262 (Fla.2011).
 

 The Writ of Habeas Corpus is GRANTED and this matter is REMANDED for a new trial.
 

 PALMER, TORPY and JACOBUS, JJ., concur.
 

 [1]
 

 . The First District Court of Appeal decided
 
 Montgomery v. State,
 
 70 So.3d 603 (Fla. 1st DCA 2009) on February 12, 2009, four days before this court's mandate in
 
 Mendenhall
 
 was issued on February 16, 2009. Further, the Florida Supreme Court issued its
 
 Mont-gomeiy
 
 opinion on April 8, 2010, whereas Mendenhall's judgment and sentence became final when the supreme court's mandate in
 
 Mendenhall
 
 was issued on November 18, 2010.