RAY, J.
This petition for writ of habeas corpus alleging ineffective assistance of counsel requires us to examine the limits of appellate counsel’s responsibility to inform the Court of changes in the law that would present meritorious grounds for appeal. Appellate counsel has a duty to stay ap *721 prised of legal changes, especially those that are relevant to cases counsel is litigating. This duty is not indefinite, however, and under the particular facts of this case, we conclude that counsel was not ineffective.
Petitioner Christopher Watts was convicted of two counts of armed robbery and one count of sexual battery. He was sentenced to three concurrent terms of life imprisonment as a habitual felony offender, including three consecutive ten-year mandatory mínimums pursuant to section 775.087(2), Florida Statutes. At the sentencing hearing, the trial court concluded that it was required to run the mandatory mínimums consecutively in accordance with that statute. The Florida Supreme Court held otherwise in Williams v. State, 186 So.3d 989 (Fla. 2016), but not until after we had affirmed Watts’s convictions and sentences. Williams was pending at the same time as Watts’s appeal, but the Williams opinion was not released until after opinion and mandate had issued in Watts’s case.
In Watts’s appeal, counsel argued that consecutive mandatory minimum ten-year sentences are not required by section 775.087(2) for crimes committed in a single episode—the ultimate holding in Williams. Watts argues that appellate counsel was ineffective for failing to preserve the issue via the timely filing of a rule 3.800(b)(2) motion, although he concedes that the law in this district at the time of his appeal was that mandatory minimum sentences imposed pursuant to section 775.087(2) were to be imposed consecutively. See Smart v. State, 114 So.3d 1048, 1049 (Fla. 1st DCA 2013) (citing Walton v. State, 106 So.3d 522, 528 (Fla. 1st DCA 2013) (en banc)). The State responds that even a timely filed rule 3.800(b)(2) motion would not have garnered Watts relief because Williams was not yet precedent at the time Watts’s appeal was decided.
While it is true that appellate counsel’s failure to preserve a meritorious sentencing issue via the timely filing of a rule 3.800(b)(2) motion may provide a basis for relief via a petition alleging ineffective assistance of appellate counsel, see, e.g., Busbee v. State, 187 So.3d 1266, 1271 (Fla. 1st DCA 2016), the State is correct that preservation of the sentencing issue would likely not have changed the result for Watts because Williams had not yet been decided and the law was otherwise settled in this district.
Generally, the law at the time of briefing controls the determination of whether appellate counsel was ineffective for failing to raise an issue. See Sanders v. Singletary, 707 So.2d 364, 365 (Fla. 1st DCA 1998); Thompson v. Wade, 603 So.2d 28, 29 (Fla. 1st DCA 1992). “Appellate counsel’s perfonnance must be measured in terms of the law in effect at the time of the appeal, and not in hindsight.” Smith v. Crosby, 872 So.2d 279, 281 (Fla. 4th DCA 2004) (citing Knight v. State, 394 So.2d 997, 1003 (Fla. 1981), Sanders v. Singletary, 707 So.2d 364 (Fla. 1st DCA 1998), and Thompson v. Wade, 603 So.2d 28 (Fla. 1st DCA 1992)).
However, under certain circumstances, we have held that appellate counsel was ineffective even after briefing was completed for failing to request supplemental briefing based upon a relevant change in law. See, e.g., Asberry v. State, 32 So.3d 718, 719 (Fla. 1st DCA 2010) (citing Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005)). Further, in Minnich v. State, 130 So.3d 695, 696 (Fla. 1st DCA 2011), we indicated that appellate counsel is under an obligation to file a motion to recall the mandate where a conviction and sentence are not final (for instance, because the appellant has sought supreme court review) when a change in the relevant law occurs and the opportunity to file the motion has not passed. In Minnich, we held *722 that “because petitioner’s conviction was not yet final when this court issued the opinion in Montgomery [v. State, 70 So.3d 603 (Fla. 1st DCA 2009) ], the holding in that case applied to petitioner’s case.” 130 So.3d at 696. This was notwithstanding the fact that Montgomery was decided months after the Minnich opinion issued; because Minnieh had sought supreme court review of this Court’s decision, his conviction and sentence were not final, and Montgomery applied. “Under such circumstances, a motion to recall mandate in his direct appeal would have been appropriate, however, petitioner was unable to file such a motion because this court was no longer in the same term in which the mandate was issued.” Id. (citation omitted). That case was cited with approval in Mendenhall v. State, 82 So.3d 1153, 1154 (Fla. 5th DCA 2012), in similar circumstances. In both of those cases, relief was granted via habeas corpus because the term of court had expired and appellate counsel was not able to fíle a motion to recall mandate. However, both opinions speak to the obligation of appellate counsel to remain diligent and watchful for meaningful changes in the applicable law beyond the moment the initial brief is filed.
In Watts’s case, he did not seek supreme court review. Therefore, unlike Minnich’s, Watts’s convictions and sentences were final before the law in this district changed. Under these particular circumstances, we agree with the State that appellate counsel was not ineffective and Watts is not otherwise entitled to relief in this proceeding. We therefore deny the petition.
PETITION DENIED.
WOLF and MAKAR, JJ., CONCUR.