532 So.2d 16 (1988)
Keith Allyn REIMEL, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 87-334.
District Court of Appeal of Florida, Fifth District.
September 1, 1988.
Rehearing Denied October 10, 1988.
*17 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee/cross-appellant.
DANIEL, Judge.
Defendant appeals from a judgment of conviction for second degree murder, possession of a firearm in the commission of a felony and carrying a concealed firearm.[1] The state cross-appeals the sentence imposed contending that it is an invalid departure from the sentencing guidelines.
Perry Kelley died from a gunshot wound inflicted by the defendant. The witnesses' accounts vary, but apparently the defendant was backing his car out at the Brass Rail Saloon parking lot when the victim approached, yelling about a beer bottle thrown by one of the defendant's passengers. The defendant stopped his car, the victim stepped up to the driver's side and the two exchanged words. The victim then reached through the window, striking the defendant once and the defendant shot the victim. More than one witness testified that the car's motor was running and the car was not blocked from exiting the parking lot during the confrontation.
The trial court's order reciting its reasoning for a downward departure from the sentencing guidelines included the following:
Ultimately, the court departed because of the underlying facts in this case, the legal synopsis being: (1) that the facts in this case indicated that the single shot fired was almost an immediate response to a hostile act of the victim, and the time frame between the act of the victim and act of the defendant was so short as *18 to mitigate the factors in this case.[2]
We have examined the record and find ample, competent, substantial evidence supporting the jury verdict. The degree of homicide and the intent with which the act in question was committed are typically dependent upon the circumstances of the case and are questions of fact to be resolved by the jury. See Larsen v. State, 485 So.2d 1372 (Fla. 1st DCA 1986). There may be little express testimony concerning a defendant's malice or depraved state of mind. Dellinger v. State, 495 So.2d 197 (Fla. 5th DCA 1986).
Lethal self defense was not established as a matter of law in this case. Both real necessity for taking a life and a situation causing a reasonably prudent person to believe that danger is imminent must be demonstrated in order to justify homicide as self-defense. See Pressley v. State, 395 So.2d 1175 (Fla. 3d DCA 1981). Before taking a life, a combatant must "retreat to the wall" using all means in his power to avoid that need. See Baker v. State, 506 So.2d 1056 (Fla. 2d DCA 1987); Cannon v. State, 464 So.2d 149 (Fla. 5th DCA 1985) (jury could have concluded that the defendant might have avoided the need to use deadly force by retreating into his car).
A jury question is presented when the evidence is reasonably susceptible of two views, either that the defendant's action in shooting was justifiable self-defense or that such action evinced a depraved mind without proper regard for the life of the victim. See McCauley v. State, 405 So.2d 1350 (Fla. 5th DCA 1981). The defendant is mistaken that the issue is whether he believed that he was in danger. The law does not ascribe a subjective standard as to a defendant's state of mind, but concerns a reasonably prudent person's state of mind. See Pressley, 395 So.2d at 1175. Because the evidence in this case was susceptible of the view that the defendant could have extricated himself from the situation without using deadly force or that a reasonably prudent person would not have believed that he was in imminent danger, the jury could have concluded that the defendant's claim of self-defense had no merit. We find that the defendant's other points on appeal have no merit.
However, we agree with the state's contention that the trial court erred by departing one cell downward from the sentencing guidelines. Clear and convincing reasons are required for departure from sentencing guidelines. State v. Mischler, 488 So.2d 523, 524 (Fla. 1986). Inherent components of crimes, reasons prohibited by the guidelines and factors already taken into account in calculating the guidelines cannot be used to support departure. Id. Neither is disagreement with the jury's verdict an appropriate reason for departure. See Scurry v. State, 489 So.2d 25 (Fla. 1986). The existence of provocation is an inherent component of the defense of justifiable use of deadly force, and therefore cannot be a permissible reason for departure. The second degree murder conviction itself takes into account the time frame between the act of the victim and the response of the defendant as being an act without premeditated design. Because no valid reasons were stated for departure, we remand for resentencing under the guidelines.[3]See Carter v. State, 516 So.2d 1142 (Fla. 5th DCA 1987).
The final judgment of conviction is accordingly affirmed, but the sentence under review is reversed and the cause is remanded to the trial court with directions to resentence defendant within the sentencing guidelines.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENCING.
COBB and COWART, JJ. concur.
NOTES
[1] We express no opinion as to double jeopardy as the matter has not been presented for review. See Burton v. State, 522 So.2d 88 (Fla. 5th DCA 1988) (Cowart, J., concurring).
[2] There were no other reasons even though this was numbered (1).
[3] As to the applicability of the 1988 guidelines amendments, see Miller v. Florida, ___ U.S. ___, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Art. X, § 9, Fla. Const. and Castle v. State, 330 So.2d 10 (Fla. 1976).