718 So.2d 848 (1998)
Keith E. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-55.
District Court of Appeal of Florida, Fifth District.
August 21, 1998.
Rehearing Denied October 14, 1998.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Keith Johnson (defendant) shot and killed a schoolmate at Tavares Middle School with a gun he took from his family's friend. A jury found him guilty of first-degree murder[1], grand theft[2], and carrying a concealed firearm[3]. The trial court adjudicated him guilty on all three charges and sentenced him *849 to life in prison without parole for the murder and two concurrent terms of five years' imprisonment on the remaining charges. Defendant appeals. We affirm, but write to address the issues defendant raised relating to the battered-child syndrome.[4]
Defendant did not testify at trial, but called a psychiatrist as an expert witness to support his theory that he killed the victim in self-defense. The psychiatrist testified that defendant suffered from battered-child syndrome because the victim had antagonized and abused him. In reaching his opinion, the psychiatrist relied upon defendant's account of the relationship between defendant and the victim, interviews with defendant's mother and witnesses to the shooting, and the victim's school and police records. The psychiatrist was permitted to testify about the relationship between defendant and the victim as described to him by defendant. The psychiatrist did not testify that the victim had ever physically abused defendant, and the only evidence that defendant feared the victim was based on what defendant told the psychiatrist. When defendant asked the psychiatrist to describe the contents of the victim's school and police records, the state objected arguing that the question called for the introduction of improper character evidence because there was no evidence that defendant was aware of the specific acts described in these records. The trial court sustained the objection and, upon review, we affirm the court's ruling.
In establishing self-defense, evidence either of the victim's reputation for violence or of specific prior acts of violence is admissible to prove the victim's dangerous character when the defendant knew of the victim's violent acts or of his violent reputation at the time the alleged offense occurred. See Hedges v. State, 667 So.2d 420, 422 (Fla. 1st DCA 1996); see also § 90.404, Fla. Stat. (1995). Such evidence is admissible only if the defendant knew of the violent acts or reputation because it may "`reveal the reasonableness of the defendant's apprehension at the time of the incident.'" Id. (quoting Smith v. State, 606 So.2d 641, 642-43 (Fla. 1st DCA 1992)). Testimony of persons other than the defendant regarding the victim's specific acts of violence is not relevant because "it sheds no light on the defendant's state of mind; it shows only that the victim had a propensity for violence." State v. Smith, 573 So.2d 306, 318 (Fla.1990). Accordingly, the trial court properly sustained the state's objection to defense counsel's questions regarding the contents of the victim's school and police records because there was no evidence that defendant was aware of the acts described in these records.
Defendant also argues that, although the trial court instructed the jury as to the standard jury instruction on self-defense, the court erred in refusing to give the special jury instructions requested by defendant regarding the battered-child syndrome. The requested jury instructions were, in part:
Self defense
The fact that the last episode of abusive behavior by [the victim] and the shooting did not happen at once does not negate the reasonableness of the Defendant's perception of imminent harm to himself.
* * * * * *
You should put yourself in the place of the defendant, get the point of view which he had at the time of the shooting, and view the conduct of [the victim] with all its pertinent sidelights as the defendant was warranted in viewing it. Only in this way can you the jury safely say what a reasonable prudent person similarly situated would have done.
You should assume the physical and psychological properties peculiar to the defendant, in other words, place yourselves as best you can in the shoes of the defendant, and then decide whether the particular circumstances surrounding him at the time were sufficient to create in his mind a sincere and reasonable belief that the use of force was necessary to protect himself from imminent and unlawful harm.
* * * * * *

*850 Imperfect self defense

If you find that [defendant] actually believed that deadly force was necessary to prevent imminent death or great bodily harm to himself at the hands of [the victim], but that his belief was unreasonable, you should find him guilty of no crime greater than manslaughter.
(Emphasis added). We reject defendant's claim of error because defendant cites no Florida authority to support his argument that he was prejudiced by the trial court's failure to give these instructions which were not supported by the evidence. See Byrd v. State, 481 So.2d 468, 474 (Fla.1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2261, 90 L.Ed.2d 705 (1986). Moreover, the trial court properly instructed the jury on the issue of self-defense. See Fla. Std. Jury Instr. (Crim.) 3.04(d).
JUDGMENTS and SENTENCES AFFIRMED.
GRIFFIN, C.J., and DAUKSCH, J., concur.
NOTES
[1] § 782.04(1)(a)1, Fla. Stat. (1995).
[2] § 812.014(1), (2)(c), Fla. Stat. (1995).
[3] § 790.01(2), Fla. Stat. (1995).
[4] The other issues raised by defendant on appeal are without merit.