842 So.2d 1049 (2003)
Carlos HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2526.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
*1050 Kevin J. Kulik, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant was convicted for manslaughter with a deadly weapon and sentenced to fourteen years in prison. He makes several claims of trial court error. Principally, we address whether the court erred in denying a judgment of acquittal, as appellant claims the evidence failed to exclude the reasonable hypothesis of self-defense. We conclude that a jury question was presented, and affirm.
On the night of the victim's death, appellant and several of his friends were called to a fight at a church. When they arrived, a group of teenagers were fighting. Appellant immediately joined in the fighting. Two teenagers came from behind appellant, grabbed him around his neck, and began hitting him. Appellant dropped to the ground. When he got up, he started to run away but noticed one of the teenagers running after him. He stopped, turned around, pulled out a knife he was carrying, and pointed it at the pursuing teenager, telling him to "chill." According to other witnesses, appellant then pushed *1051 the victim, at which point the victim fell. The victim had been stabbed by appellant's knife and later died from his injury. Appellant ran to his car and escaped with his other friends.
Appellant claims he was entitled to a judgment of acquittal because the state failed to disprove he acted in self-defense. A motion for judgment of acquittal should not be granted unless "the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
Section 776.012, Florida Statutes (1997), permits the use of deadly force against another, "only if he or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself." Whether a person was justified in using deadly force is a question of fact for the jury to decide if the facts are disputed. See Dias v. State, 812 So.2d 487, 491 (Fla. 4th DCA 2002). In Dias, we relied on Reimel v. State, 532 So.2d 16 (Fla. 5th DCA 1988), which held:
A jury question is presented when the evidence is reasonably susceptible of two views, either that the defendant's action in shooting was justifiable self-defense or that such action evinced a depraved mind without proper regard for the life of the victim. The defendant is mistaken that the issue is whether he believed that he was in danger. The law does not ascribe a subjective standard as to a defendant's state of mind, but concerns a reasonably prudent person's state of mind.
Dias, 812 So.2d at 491 (quoting Reimel, 532 So.2d at 18). Appellant would not be justified in using deadly force against the victim if appellant could have retreated to avoid the use of deadly force. See Weiand v. State, 732 So.2d 1044, 1049 (Fla.1999); accord Dias, 812 So.2d at 492. If the record contains sufficient evidence from which the jury could conclude or infer appellant could have avoided the use of deadly force by retreating safely, the jury is entitled to reject appellant's theory of self-defense. See State v. Tai Van Le, 553 So.2d 258, 259 (Fla. 2d DCA 1989).
In this case, the state presented sufficient evidence from which the jury could have concluded that appellant's use of force was not reasonable or that he could have retreated to avoid further harm. Appellant was already retreating and near his vehicle when the victim pursued him. Instead of retreating further, appellant stopped, turned around, and pulled his knife on the victim. A jury could determine that appellant could have avoided the confrontation. Secondly, appellant failed to demonstrate stabbing the victim was necessary to prevent imminent danger where none of the fighting teenagers had weapons, except appellant. The jury could conclude that using a deadly weapon was not reasonable in such circumstances. Because these were questions for the jury, the trial court properly denied appellant's motion for judgment of acquittal.
With respect to the trial court's denial of the motion to disqualify the trial court judge, we affirm. The trial court's decision not to grant post-trial release to any defendant facing the potential of significant prison time, as appellant was, is not legally sufficient to prove bias against the defendant in connection with his sentencing.
We affirm as to all other issues raised without further discussion.
Affirmed.
STONE and FARMER, JJ., concur.