974 So.2d 589 (2008)
Casey STEIL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3296.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Carey Haughwout, Public Defender, and Michael Antinori, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of aggravated fleeing or eluding an officer, a second degree felony, and argues that the trial judge should have granted his motion for judgment of acquittal. We agree and reverse for his conviction to be reduced to simple fleeing or eluding, a third degree felony.
Section 316.1935, Florida Statutes (2005) defines the more serious crime, the second degree felony, in subsection (3):
Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding:
(a) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Appellant argues that there was no proof that he was driving at "high speed" or in a manner demonstrating a "wanton disregard for the safety of persons or property." In a light most favorable to the state, the standard for reviewing a motion for judgment of acquittal, Pagan v. State, 830 So.2d 792 (Fla.2002), the facts are as follows.
*590 At around 4:00 a.m., three officers in a restaurant went outside after hearing there was going to be a fight in the parking lot. One of the officers held out his hand and yelled "stop" to appellant, who made eye contact with the officer, but did not stop his vehicle as he was leaving the parking lot. The officer testified that he was attempting to stop appellant in order to determine if he had been involved in the reported disturbance. He had no reason to believe appellant may have been involved in a crime.
The officer testified that appellant squealed his tires as the car left the parking lot at about fifteen to twenty miles an hour. Another officer in a car followed appellant, but did not get closer than within a block, and as that officer turned on his siren and blue lights, appellant was a block away turning onto another street. When the officer turned onto that street, he turned off his siren. Then, after observing appellant run two stop signs, the officer also turned off his blue lights and took a parallel road, thinking appellant would come back to U.S. 1. The officer estimated that he was driving fifteen to twenty miles an hour over the thirty-five mile an hour speed limit and appellant was driving a little faster. He then again encountered appellant, saw him run a stop sign with a red flashing light, and appellant then stopped at a red light. At that point, the officer activated his blue lights and appellant pulled over.
The officer testified that he had arrested appellant for reckless driving, but he had not actually clocked appellant's speed. Nor did he observe any other vehicles affected by appellant's driving. Appellant argues that the trial court should have granted his motion for judgment of acquittal of aggravated fleeing, because he was not driving at "high speed" or with a "wanton disregard for the safety of persons or property." § 316.1935.
In State v. Barnes, 686 So.2d 633 (Fla. 2d DCA 1996), the court held that the phrase "high speed" in the statute was not unconstitutionally vague, and in that case, in which the defendant was driving eighty to one hundred miles an hour in a forty-five mile an hour speed zone, there was sufficient evidence to support aggravated fleeing.
In Miller v. State, 636 So.2d 144 (Fla. 1st DCA 1994), the defendant was driving fifty to fifty-five miles an hour in a thirty-five mile an hour zone, but his vehicle was under control and traffic was light to moderate. After noting that defendant would slow down at intersections, the court concluded that this did not demonstrate a wanton disregard for the safety of persons or property. See also Nat'l Car Rental Sys., Inc. v. Holland, 269 So.2d 407 (Fla. 4th DCA 1972) (running a stop sign with a blinking light did not constitute willful and wanton disregard).
Aggravated fleeing requires that the pursuing officer has lights and sirens on. In this case the officer testified that he did not have them on during most of the pursuit. We conclude that there was insufficient evidence of "high speed" or "wanton disregard," while the lights and siren were on, to support the conviction of aggravated fleeing. We accordingly reverse and remand for the court to reduce the conviction to fleeing as defined in section 316.1935(1) or (2), Florida Statutes, a third degree felony.
Reversed.
HAZOURI and DAMOORGIAN, JJ., concur.