979 So.2d 1134 (2008)
Jamar Antwan HILL, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-468.
District Court of Appeal of Florida, Third District.
April 16, 2008.
Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Laura Moszer, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ, and CORTIÑAS, JJ.
PER CURIAM.
Jamar Antwan Hill appeals his convictions on two counts of first-degree murder. The main claim is that the trial court erred by refusing to grant the defense's request for a jury instruction on imperfect self-defense. We find no error and affirm.
Defendant-appellant Hill contended that he had shot and killed both of the victims because he feared they were about to kill him. He shot both in the back of the head. Both men turned out to be unarmed. The jury was given the standard jury instruction on self-defense. By statute, a "person is justified in the use of deadly force only if he or she reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or herself or another or to prevent the imminent commission of a forcible felony." § 776.012, Fla. Stat. (2000)[1] (emphasis added).
The defendant also requested an instruction on imperfect self-defense. Imperfect self-defense is "[t]he use of force by one who makes an honest but unreasonable mistake that force is necessary to repel an attack." Black's Law Dictionary 1390 (8th ed. 2004).
The defendant relied on a California jury instruction regarding imperfect self-defense. Under California law, "Where that fear [of imminent peril] is unreasonable (but nevertheless genuine), it reduces the crime from murder to voluntary manslaughtera doctrine known as `imperfect self-defense.'" Middleton v. McNeil, 541 U.S. 433, 434, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004). The defendant asked the trial *1135 court to give the California instruction quoted in Middleton.[2]
We conclude that the requested instruction is contrary to the Florida statute, which requires a reasonable belief in the necessity to use deadly force. The Florida statute does not contain a provision on imperfect self-defense. The trial court correctly rejected the defense request. See Hernandez v. State, 842 So.2d 1049, 1051 (Fla. 4th DCA 2003); Johnson v. State, 718 So.2d 848, 849-50 (Fla. 5th DCA 1998); Reimel v. State, 532 So.2d 16, 18 (Fla. 5th DCA 1988). See generally Wayne R. LaFave, Substantive Criminal Law § 10.4(i) (2d ed. 2003).
We reject the remaining point on appeal on authority of Smiley v. State, 966 So.2d 330 (Fla.2007).
Affirmed.
NOTES
[1] The crime date was December 11, 2000.
[2] The requested jury instruction stated:

The specific intent for manslaughter, as opposed to murder, may arise from the following circumstance:
An honest but unreasonable belief in the necessity to defend oneself against imminent peril to life or great bodily injury. That would be imperfect self-defense.
To establish that a killing is murder and not manslaughter, the burden is on the State to prove beyond a reasonable doubt each of the elements of murder and that the act which caused the death was not done . . . in the honest, even though unreasonable, belief in the necessity to defend against imminent peril to life or to great bodily injury.
A person, who kills another person in the actual but unreasonable belief in the necessity to defend against imminent peril to life or great bodily injury, kills unlawfully, but is not guilty of murder. This would be so even though a reasonable person in the same situation, seeing and knowing the same facts, would not have had the same belief. Such an actual but unreasonable belief is not a defense to the crime of voluntary manslaughter.
An "imminent" peril is one that is apparent, present, immediate and must be instantly dealt with, or must so appear at the time to the slayer.