WARNER, J.
We affirm appellant’s conviction of second-degree murder. Appellant argues that the state failed to prove the necessary elements of the crime, and therefore, that the court should have granted his motion for judgment of acquittal. We disagree.
“Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence.” Pagan v. State, 830 So.2d 792, 803 (Fla.2002). “If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.” Id. “A court should not grant a motion for judgment of acquittal unless ‘there is no view of the evidence which the jury might take favorable to the opposite party that can be sustained under the law.’” DeAngelo v. State, 616 So.2d 440, 442 (Fla.1993) (quoting Taylor v. State, 583 So.2d 323, 328 (Fla.1991)).
Section 782.04(2), Florida Statutes (2008), supplies the definition of second-degree murder: “The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree.... ” Appellant disputes that his act was imminently dangerous and evincing of a depraved mind regardless of human life.
The victim, with whom the appellant was living and “kind of’ romantically involved, told her neighbor that she was going to ask appellant to leave the night of her murder. She died of strangulation, and appellant admitted that his hands moved down from the victim’s face to her neck and that he was choking her. He also admitted to a friend and an investigating detective that he killed the victim — he knew she was dead when he left her body. Appellant’s statement to another witness *318 that “him and his girl got in a fight, an argument” is relevant to the element of ill will or depraved mind in second-degree murder. He made a similar statement to the detective, that he and the victim “had a confrontation.” All this is sufficient for a jury to find that he acted with a depraved mind. As our supreme court stated in Bigham v. State, 995 So.2d 207, 213 (Fla.2008) (quoting Hoefert v. State, 617 So.2d 1046, 1050 (Fla.1993)), “we find the evidence of strangulation sufficient to sustain a conviction for second-degree murder, which requires the finding of an ‘act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual.’” See also Hoefert, 617 So.2d at 1050 (facts supported second degree murder when: victim was strangled and was found dead several days after defendant, who had strangled other women during sexual activity, accompanied her to her apartment; defendant failed to report the crime; and, defendant attempted to conceal the body).
Additionally, appellant’s actions of selling the victim’s phone and his efforts to conceal the body, as well as his refusal to call 911 or the police were relevant for the jury to infer consciousness of guilt. See Straight v. State, 397 So.2d 903, 908 (Fla.1981) (“When a suspected person in any manner attempts to escape or evade a threatened prosecution by flight, concealment, resistance to lawful arrest, or other indications after the fact of a desire to evade prosecution, such fact is admissible, being relevant to the consciousness of guilt which may be inferred from such circumstance.” (Emphasis added)).
Appellant also argues that the state failed to prove beyond a reasonable doubt that appellant was not acting in self-defense, citing the mainly circumstantial nature of the case. Once the defendant presents a prima facie case of self-defense, the state must disprove the defense beyond a reasonable doubt. Sneed v. State, 580 So.2d 169, 170 (Fla. 4th DCA 1991). See also Andrews v. State, 577 So.2d 650, 652 (Fla. 1st DCA 1991). “The question of self-defense is one of fact, and is one for the jury to decide where the facts are disputed.” Dias v. State, 812 So.2d 487, 491 (Fla. 4th DCA 2002). In seeking a motion for judgment of acquittal based upon self-defense, such a motion “should not be granted unless ‘the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.’ ” Hernandez v. State, 842 So.2d 1049, 1051 (Fla. 4th DCA 2003) (quoting Lynch v. State, 293 So.2d 44, 45 (Fla.1974)).
As the state proffered evidence inconsistent with appellant’s self-defense theory, the court properly denied the motion for judgment of acquittal. Appellant claimed in his statements made during his police interview that the victim attacked him with a knife first. While appellant’s version of events is suggestive of self-defense, and the jury could have believed his story, the state presented evidence to contradict appellant’s version of events. First, there are the events that transpired after the victim’s death: appellant moved her body to the bedroom and covered her with a sheet and stuffed animals; appellant washed the knife and placed it back in the drawer next to the sink; appellant fled the house without calling 911; and, appellant destroyed one cell phone and sold another cell phone. These facts are contrary to self-defense, as they suggest that appellant had a guilty conscience and the intent to flee after the fact, rather than a mind to call the police immediately to report the death and his version of the events. Second, the medical examiner tes *319 tified that it takes more than a minute to strangle a person to death, providing sufficient time to withdraw from any legitimate acts of self-defense. Finally, appellant made multiple statements that he and the victim had a confrontation or fight prior to her death. A confrontation implies that both parties were involved in the argument, as opposed to a unilateral attack by the victim. The above evidence was sufficient to rebut appellant’s reasonable hypothesis of innocence, and the jury was free to weigh the evidence.
We reject appellant’s final argument that various other errors cumulated to create a need for a new trial, mainly because we find that all but one of the errors alleged were not error at all. The one which may have been error was harmless beyond a reasonable doubt. We also reject the appellant’s claim of trial court bias.
For these reasons, we affirm the conviction and sentence.
ROSS and LEVINE, JJ., concur.