DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAWTON COHEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1342

[November 8, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. 14-3395 CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Lawton Cohen appeals his second-degree felony fleeing and misdemeanor reckless driving convictions. We address his insufficiency of the evidence and ineffective assistance of counsel arguments, and affirm for the reasons explained herein.

**Background**

Appellant rammed his vehicle through a security gate and entered Port Everglades. A fifteen-minute police chase ensued, during which Appellant ran a red light, drove over sidewalks, crossed over medians, jumped over curbs, and zig-zagged across roads. At one point, Appellant crossed four lanes of traffic, nearly hitting two civilian vehicles. Appellant was eventually forced off the road by police, after which he backed into a police cruiser, injuring an officer.

Appellant was initially charged with third degree felony fleeing. The State elevated the charge to second degree before trial. Appellant's attorney overlooked the amendment, only realizing the oversight when

conferencing on the final jury instructions with the trial court and State. He argued that he did not defend on the added element of wanton disregard while fleeing. *See* § 316.1935(2)(a), Fla. Stat. (2016). When the State pointed out that the reckless driving charge had the same wanton disregard language, *see* § 316.192(1)(a), Fla. Stat. (2016), defense counsel stated he did not care about that charge and that he practically conceded wanton disregard. In an attempt to remedy the failure, the trial court instructed the jury on both second and third degree felony fleeing. The jury found Appellant guilty of second degree felony fleeing.

## Analysis

Wanton disregard is a "conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property." *Domoah v. State*, 189 So. 3d 316, 320 (Fla. 4th DCA 2016) (quoting *Lewek v. State*, 702 So. 2d 527, 530-31 (Fla. 4th DCA 1997)). The evidence presented at trial, including a video of much of the chase, amounted to competent, substantial evidence to support the jury's finding of wanton disregard for second degree fleeing and reckless driving.

Generally, ineffective assistance claims may not be raised on direct appeal. *Monroe v. State*, 191 So. 3d 395, 403 (Fla. 2016). A rare exception exists when the ineffectiveness is obvious on the face of the record, the prejudice is indisputable, and tactical explanation is inconceivable. *Lesovsky v. State*, 198 So. 3d 988, 990 (Fla. 4th DCA 2016). Prejudice is disputable on both charges in the instant case because there was competent, substantial evidence of wanton disregard. Appellant's ineffective assistance claim does not meet the narrow exception, and we affirm on this issue, as well as on all other issues raised in the appeal.

## Conclusion

The trial court's final judgment is affirmed in all respects, without prejudice to Appellant bringing an action for postconviction relief.[1]

*Affirmed.*

DAMOORGIAN, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] We take no position on the merits of such a claim should one be made.