DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCO CANIDATE**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D16-4162

[February 14, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case No. 432016CF000115A.

Andrew B. Greenlee of Andrew B. Greenlee, P.A., Sanford, and Greg Rosenfeld of the Law Offices of Greg Rosenfeld, P.A., West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant appeals his conviction of fleeing a law enforcement officer at a high speed or wanton disregard for the safety of persons or property under section 316.1935(3)(a), Florida Statutes (2016). The court sentenced him to sixty months state imprisonment. Because the State failed to establish a wanton disregard for the safety of persons or property, we reverse the conviction and sentence and remand for the entry of a judgment of conviction and sentence on the lesser included offense of fleeing to elude a law enforcement officer with sirens and lights activated under section 316.1935(2), Florida Statutes (2016).

## *Background*

At trial, the State called a detective with the Martin County Sheriff's Office. On the day in question, the Detective was on Federal Highway preparing to turn onto Cove Road in a marked four-wheel sedan equipped with full lights and siren. He noticed a truck matching the description of

a vehicle he was looking for and also noticed an equipment infraction on the truck. The truck cut across from a straight lane to a turn lane and continued northbound on Federal Highway.

The Detective initially activated his light without sirens, at which point the Defendant pulled into the parking lot of a nearby bank. However, once the two vehicles pulled into the bank's winding parking lot, the Defendant accelerated. The Detective then activated his sirens as the Defendant exited the parking lot onto Cove Road, and allegedly began weaving through traffic. A Deputy in the area testified that he saw the truck slowly pull into the bank parking lot and accelerate. The Deputy testified that the truck "continued at a high rate of speed through the parking lot," before pulling onto Cove Road where "there was absolutely traffic in the area." Notwithstanding the testimony regarding the high rate of speed, the Detective testified that neither car exceeded 40 miles per hour in an area where the posted speed limit was 35 miles per hour.

Apparently unbeknownst to the Detective, during this time the Defendant called 911, expressing concern that he was being followed by a police officer for unknown reasons, and that he wanted to pull over in a safe and well-lit area.

The Detective terminated the pursuit by engaging in a pursuit intervention technique. He was trained to place the front corner of his car's fender or quarter panel against the rear corner of the other vehicle, "effectively nudging it to where it loses control and spins around and stops." The Detective carried out this technique and arrested the Defendant.

Ultimately, the Defendant was tried and convicted of the crime of "fleeing to elude a law enforcement officer with lights and siren activated with willful and wanton driving." During the trial, the court denied the Defendant's motion for judgment of acquittal. It is that denial the Defendant now appeals.

### *Analysis*

Our review of the court's denial of the Defendant's motion for judgment of acquittal is *de novo,* and we consider all reasonable inferences from the evidence in the light most favorable to the State. *Damoah v. State*, 189 So. 3d 316, 321 (Fla. 4th DCA 2016) (citing *Parker v. State*, 795 So. 2d 1096, 1098 (Fla. 4th DCA 2001)).

2

The statute provides that any person that willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement vehicle, with jurisdictional insignia on the side and with siren and lights activated and "[d]rives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." § 316.1935(3)(a), Fla. Stat. (2016).

Here, there is no dispute that the Defendant was not operating at a high speed. Therefore, the State was required to establish the Defendant drove "in any manner which demonstrates a wanton disregard for the safety of persons or property." *Id.* We have explained that "[w]anton disregard is a 'conscious and intentional indifference to consequences and with knowledge that damage is likely to be done to persons or property.'" *Cohen v. State,* 230 So. 3d 18, 20 (Fla. 4th DCA 2017) (quoting *Damoah,* 189 So. 3d at 320). The State failed to present evidence to show such a wanton disregard.

We examined a similar situation in *Steil v. State,* 974 So. 2d 589 (Fla. 4th DCA 2008). In *Steil,* the defendant was convicted of aggravated fleeing or eluding an officer. *Id.* at 589. On appeal, he argued the State offered no proof that he drove at a high speed or in a manner demonstrating wanton disregard for the safety of persons or property. *Id.* The officer testified that he was attempting to stop the defendant to determine if he had been involved in a reported disturbance. *Id.* at 590. With lights and sirens on at times and off at other times, the officer observed the defendant run multiple stop signs, and travel between fifteen and twenty miles per hour over the speed limit. *Id.* The officer also testified that he did not observe any other vehicles affected by the defendant's actions. *Id.* at 590. On those facts, we found "that there was insufficient evidence of 'high speed' or 'wanton disregard,' while the lights and siren were on, to support the conviction of aggravated fleeing." *Id.*

In *Steil,* we discussed *Miller v. State,* 636 So. 2d 144 (Fla. 1st DCA 1994), a case where the defendant was travelling at fifty to fifty-five miles per hour, in a posted thirty-five mile per hour zone. *Id.* at 151. The officer in *Miller* testified that traffic was moderate, and there were one or two runners and bicyclists nearby. *Id.* The court determined that the state failed to present evidence to support a finding of wanton disregard for the safety of persons or property. *Id.*

We reach the same conclusion here. Similar to *Steil,* the State failed to introduce evidence demonstrating that any other person or property was impacted by the Defendant's actions, actions taken while travelling at or

3

near the posted speed limit. The State's best evidence in support of the charge was that the Defendant weaved at times while on Cove Road. The mere fact that the Defendant "weaved," without more, is insufficient to show a conscious and intentional indifference to consequences. Absent evidence that other persons or property were impacted by the Defendant's actions, the conviction and sentence must be reversed.

### *Conclusion*

We reverse the Defendant's conviction for high speed or wanton fleeing, a second-degree felony, and vacate the court's sixty-month sentence. On remand, the court shall issue a judgment of conviction and sentence for the lesser-included offense of fleeing to elude a law enforcement officer with sirens and lights activated pursuant to section 316.1935(2), Florida Statutes (2016), a third-degree felony.

*Reversed in part, vacated in part, and remanded.*

GERBER, C.J., and GROSS, J., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***