DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARTHUR WILLIAM DENNIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1723

[May 4, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562020CF000223A.

Carey Haughwout, Public Defender, and Cynthia L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti III, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant argues that the trial court erred in denying his motion for judgment of acquittal for battery by strangulation because the state did not prove he impeded the victim's normal breathing and created a risk of great bodily harm by applying pressure to the victim's throat. We find that the trial court did not err, as the state presented sufficient evidence of battery by strangulation. Thus, we affirm. Appellant raises two other issues that we find to be without merit and affirm without further comment.

Appellant and the victim, his girlfriend at the time, were involved in an altercation. A few days later, the victim reported the incident to the police. Based on the victim's report, appellant was charged with domestic battery by strangulation under section 784.041(2)(a), Florida Statutes (2020), which reads:

> A person commits domestic battery by strangulation if the person knowingly and intentionally, against the will of another, *impedes the normal breathing or circulation of the*

> *blood* of a family or household member or of a person with whom he or she is in a dating relationship, so as to *create a risk of or cause great bodily harm by applying pressure on the throat or neck* of the other person or by blocking the nose or mouth of the other person.

(emphasis added).

The victim testified at trial that appellant had woken up on a Saturday morning angry from a dream that the victim had allegedly cheated on him. Tension ensued between the couple over the weekend. The following Monday evening, appellant began mumbling something under his breath. The victim asked appellant why they were still arguing about something that was not real. Appellant then approached the victim and began to yell in her face. The victim put her hand up to block her ear and appellant bit her finger.

The victim testified that appellant pulled her to the ground by her ankles and then "picked me up by my neck . . . with his arm, uh, kinda shook me around a bit by my—and had me by my hair." Appellant held the victim in the crook of one arm while he held the victim's hair with his other hand. The victim's feet were not touching the ground when appellant had her by her neck. Appellant is 6'2" tall while the victim is only 5'2".

The victim was asked if she was able to breathe. She answered, "I didn't lose consciousness, but I wasn't, uh, I was like spitting—spitting out from my mouth." The victim also answered affirmatively when asked if she was "trying to get a breath." The altercation ended when appellant threw the victim to the ground.

The officer who was assigned to investigate the victim's allegations also testified. The officer took photos of the victim's injuries at the police station when the victim reported the incident, and these photos were presented at trial. The officer testified that there was a little bit of bruising on the victim's neck, though it was difficult to see in the picture. The officer admitted that she did not indicate any injury to the victim's neck on the Domestic Violence Offender's Observation Report that she completed.

At the close of the state's case, appellant moved for a judgment of acquittal. Appellant argued there was insufficient evidence to prove he had created a risk of great bodily harm. Additionally, appellant argued there was no evidence he intentionally impeded the victim's normal

2

breathing or circulation as required by the statute. In response, the state argued that, under the standard employed in a judgment of acquittal, the evidence that the victim was "held up in the air dangling . . . was spitting to try to get a breath out" was sufficient evidence to submit the case to the jury. The trial court agreed with the state and denied appellant's motion for judgment of acquittal.

Appellant testified in his defense. Contrary to the victim, appellant testified that the victim initiated contact by scratching his face with her finger. Appellant claimed that the victim started punching him, he jumped back, and then she began kicking him. Appellant feared he would be attacked by the victim even though she is smaller than him. According to appellant, the victim then ran at him to attack him. To stop the attack, appellant hit the victim with an open-handed slap as hard as he could. The victim then fell and hit her head. Appellant claimed the victim's injuries all resulted from a single slap to the victim's face. He admitted that he must have hit her pretty hard for her to hit the ground.

Appellant renewed his motion for judgment of acquittal on the same grounds. The trial court once again denied appellant's motion for judgment of acquittal. The jury found appellant guilty of battery by strangulation. This appeal follows.

"Our review of the court's denial of the Defendant's motion for judgment of acquittal is *de novo*, and we consider all reasonable inferences from the evidence in the light most favorable to the State." *Canidate v. State*, 238 So. 3d 412, 414 (Fla. 4th DCA 2018). "A motion for judgment of acquittal should not be granted unless 'the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.'" *Hernandez v. State*, 842 So. 2d 1049, 1051 (Fla. 4th DCA 2003) (quoting *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974)).

The state presented sufficient evidence to submit this case to the finder of fact and survive appellant's motion for judgment of acquittal. Appellant first argues that the state did not present evidence to show that he intentionally impeded the victim's breath. Whether appellant "intentionally . . . impede[d] the normal breathing or circulation of the blood" of the victim is generally a question for the jury. "Because direct evidence of intent is rare, and intent is usually proven through inference, 'a trial court should rarely, if ever, grant a motion for judgment of acquittal on the issue of intent.'" *Grant v. State*, 138 So. 3d 1079, 1083 (Fla. 4th DCA 2014) (citation omitted).

Appellant could have applied the requisite pressure to the victim's neck when he suspended the victim's entire body weight off the ground by holding her "in the crook of his arm." The jury clearly could infer that the victim's breathing was intentionally impeded by the way in which appellant held her, suspended in air with her feet off the ground. The jury could also obviously infer that the victim was unable to breathe when she testified that she was "trying to get a breath." *See People v. Patzer*, No. 2-16-0546, 2018 WL 6721989 at *2-4 (Ill. App. Ct. Dec. 19, 2018) (applying an Illinois battery by strangulation statute similar to the Florida battery by strangulation statute and finding that "the trial court reasonably inferred" that the "defendant's attack impeded [the victim's] breathing" where the victim testified that he "needed to get [the defendant] off me to breathe").

Further, section 784.041(2)(a) merely requires that a defendant *impede* the victim's breath, not cut it off entirely. The state need not present evidence that the victim became unconscious or suffered injury based on lack of circulation. Evidence that the victim's "normal breathing" was impeded is sufficient. The evidence presented by the state, with all inferences drawn in its favor, was sufficient for the jury to find that appellant impeded her breath, and thus was sufficient to survive a motion for judgment of acquittal.

Additionally, since this was a case of conflicting testimony, the issue came down to credibility. Credibility is a jury determination. *Lynch*, 293 So. 2d at 45 ("The credibility and probative force of conflicting testimony should not be determined on a motion for judgment of acquittal.").

Appellant also argues the state did not prove that he created a risk of or caused great bodily harm to the victim, in part because the photographs of her injuries did not prove injury to her neck. However, "injury to the victim is not required to prove" battery by strangulation. *Reames v. State*, 129 Nev. 1146, 1146 (Nev. 2013) (applying Nevada strangulation statute similar to Florida statute); *see also Lopez-Macaya v. State*, 278 So. 3d 248, 251 (Fla. 3d DCA 2019) ("[T]he State need not prove great bodily harm to establish the crime of domestic battery by strangulation; instead, the State can prove this crime by establishing defendant's actions created a risk of great bodily harm.") (emphasis omitted). Thus, the state merely needs to show only the "risk" of great bodily harm.

All that needs to be proven, under the plain language of the statute, is that appellant's action "create a risk of . . . great bodily harm." § 784.041(2)(a), Fla. Stat. We find that the act of "pick[ing] [the victim] up

4

by [her] neck . . . with his arm" and shaking her around while her feet dangled above the ground was sufficient to create a risk of great bodily harm.  As such, we find that the trial court correctly denied appellant's motion for judgment of acquittal.  The state presented sufficient evidence to prove battery by strangulation and, as such, we affirm.

*Affirmed.*

WARNER and KLINGENSMITH, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

5